■ HAMLA CORP., Appellant, v. ANTHONY C. RUFFO et al., Respondents.— MEMORANDUM BY THE COURT. Appeal from an order denying plaintiff's cross motion for summary judgment in an action to foreclose a mortgage on real property. The Special Term correctly held that a triable issue of fact was presented as to plaintiff's good faith in acquiring the promissory note and mortgage. (Personal Property Law, § 403, subd. 3, par. [a].) The order should be modified to provide that defendants may serve an amended answer to allege absence of good faith, should they be so advised. (CPLR 3016, subd. [b]; 3018, subd. [b]; cf. CPLR 3025, subd. [c].) Order modified in accordance with this memorandum decision and, as so modified, affirmed, with costs to respondents. Gibson, P. J., Herlihy, Reynolds and Staley, Jr., JJ., concur; Taylor, J., not voting.

■ In the Matter of the Claim of JAMES LAWS, Respondent, v. NEW YORK STATE THRUWAY AUTHORITY et al., Respondents, and SPECIAL DISABILITY FUND, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— STALEY, JR., J. Appeal by the Special Disability Fund from the decision of the Workmen's Compensation Board filed September 23, 1965. On February 15, 1961, the claimant slipped while cutting wood with a chain saw and injured his back. On March 11, 1965, he was found to have a permanent mild partial disability as a result of this back injury. The claimant had three prior accidents. On March 26, 1957, the claimant injured his right leg. On December 14, 1957, he again injured his right leg. On January 27, 1959, the claimant was found to have a permanent partial disability amounting to a 15% loss of use of the right leg. On June 2, 1960, the claimant injured his left shoulder and on September 12, 1961, was found to have a permanent partial disability amounting to 10% loss of use of the left arm. The employer's report filed June 15, 1960 sets forth nature of injury as "wrenched left shoulder" and constitutes knowledge on the part of the employer of the shoulder injury. On June 15, 1962, the State Insurance Fund filed a claim against the Special Disability Fund for reimbursement under subdivision 8 of section 15 of the Workmen's Compensation Law. The Workmen's Compensation Board determined that the claimant had a prior permanent physical impairment of which the employer had knowledge and the claimant's disability was made materially and substantially greater by reason of this prior physical impairment. The record presents a clear question of fact with sufficient evidence to sustain the finding of the board. Decision affirmed, with costs to respondent State Insurance Fund. Gibson, P. J., Herlihy and Reynolds, JJ., concur; Taylor, J., not voting.